**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

```
In Re:                             )
                                   )
Carole Taylor,                     )  Bankruptcy No. 10-20954JKF
        Debtor,                    )  Adversary No. 11-2056JKF
                                   )  Chapter 13
Ronda J. Winnecour, Trustee        )
        Plaintiff,                 )
                                   )  Document Nos. 11 & 14
     v.                            )
Carole Taylor, Collette            )
Michelle Taylor, Yvette Lynn       )
Taylor, Tolatr Highland Park       )
Preparatory Academy and PNC        )
Bank, National Association         )
        Defendants.                )
```

**Memorandum Order**

**And Now**, to-wit, this **18th** day of **February, 2011,** upon consideration of Defendant Carole Taylor's Motion to Abstain (DN 14) and Defendants Collette Michelle Taylor and TOLATR Highland Park Preparatory Academy's Motion to Abstain (DN 11, it is hereby ORDERED, ADJUDGED and DECREED that this Court refuses the motions to abstain from exercising jurisdiction over the above-captioned adversary proceeding pursuant to 28 U.S.C. §1334(c)(2). The adversary seeks injunctive relief to prevent transfers of assets that are alleged to be property of the estate, pending the Trustee's further investigation.

This court orally denied the motions to abstain from adjudicating this Adversary at a hearing on January 31, 2011. No written order was entered. This order memorializes the order of January 31, 2011, because defendants Carole Taylor and Collette Taylor and TOLATR Highland Park Preparatory Academy, filed appeals notwithstanding that at the hearing, the Court

1

requested additional information which has not been filed. Nonetheless, the Court obtained the requested state court docket from the state court's website and now finds and concludes as follows:

(1) <u>Mandatory Abstention (28 USC §1334(c)(1)) Does Not Apply</u>.

There is no pending state court proceeding to which this action can be referred and no basis for timely adjudication in state court has been established. Movants allege that GD 05-01190 in the Court of Common Pleas of Allegheny County, PA is an open state court action. The docket of that case reveals that the only activity therein since December, 16, 2009 has been sheriff's returns of writs unexecuted due to an inability to gain access to the property. The writs were issued in aid of execution on a judgment against Debtor, Carole Taylor after verdict, dated May 7, 2008, and following appeals decided adversely to Debtor. (We note that the Pennsylvania Supreme Court denied allocutar on August 28, 2008.) Thus, there is nothing left for the state court to adjudicate and mandatory abstention does not apply. There is likewise no issue of comity, the state court having completed its adjudication. Finally, the matters now ripe in this bankruptcy are core proceedings and mandatory abstention applies only to non-core matters. *Bricker v. Martin*, 348 B.R. 28, 33 (W.D.Pa. 2006); *In re LaRoche Industries, Inc.*, 312 B.R. 249 (Bankr. D. Del. 2004).

(2) Discretionary Abstention (28 USC §1334(c)(2)) is Not Warranted.

There is considerable latitude in deciding whether to abstain. *Bricker, supra,* 348 B.R. at 34.

There is a 12-factor test commonly used to determine whether discretionary abstention should apply.  As listed by the court in *Bricker, supra.*, at 34, the factors are:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing  state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involved forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in a proceeding of non-debtor parties.

No one factor of the 12 factor test is necessarily determinative. *Id.* at 34-35.

The Court notes that Chapter 13 Trustee is investigating certain transfers allegedly by and between and/or on behalf of the Debtor, her daughters, her grandchildren and an entity which has been used by Debtor for certain transfers to determine whether avoidance actions should be commenced for the benefit of Debtor's creditors. These issues are within the considered core jurisdiction of this Court (28 USC §157(b)(2)(A), (E), (F), (H) and abstention is not warranted at

3

this time. The transfers at issue, in some instances, occurred while litigation in state court was on-going and/or after various court orders prohibited the debtor from transferring certain assets and/or after the state court entered judgment against the Debtor. The alleged value of assets transferred by Debtor subject to the Trustee's investigation exceeds $1,000,000.00. Debtor commenced this bankruptcy voluntarily a year ago, on February 18, 2010, and her creditors have appeared in this case ever since.

In the context of this case, the 12 factors, on balance, favor this court's retention of jurisdiction as follows:

(1) There is no pending state court action to which the trustee's investigation into avoidance actions could be referred so any abstention would have a deleterious effect on the administration of this case.

(2) State law issues clearly do not predominate in this situation, where the state courts have already issued and affirmed a judgment against the debtor, who allegedly transferred property to insiders.  The Trustee is investigating the transfers to determine whether avoidance actions (core matters) will lie.

(3) There is no unsettled state law question and the Trustee has use of bankruptcy avoidance powers, in addition to state law avoidance powers, if she determines that an action using those powers is appropriate.

4

(4) Again, there is no pending state court action to which the trustee's investigation into avoidance actions could be referred.

(5) The bankruptcy court's jurisdiction to determine what is property of the estate and whether it should be recovered for the benefit of creditors is paramount.

(6) The Adversary is integral to the proper administration of this estate and to the main bankruptcy case, in which creditors have filed proofs of claim, seeking to be paid.  Recoveries through avoidance actions, if any, will be for the benefit of those creditors.

(7) The substance of the "core" proceeding at this stage is a preliminary injunction issued to assure that no transfers of estate property occur while the Trustee investigates the potential avoidance actions.  This preliminary injunction is well warranted based upon the documents submitted at the January 31, 2011 hearing that established that the debtor did, indeed, transfer assets while state court litigation was pending and shortly after a judgment was entered against her in the state court proceeding.  If the investigation then leads the Trustee to conclude that she should file an avoidance action, the injunction will stand to preserve assets until the ultimate adjudication.  If she determines not to do so, the injunction will be terminated.  Either way, this proceeding is in form and substance related to the core matter of avoidance actions.

(8) There are no state law claims to sever from the bankruptcy matter.  Despite the contention of the debtor and her insiders that the Trustee is attempting to enforce a state court judgment, what the Trustee is actually doing is investigating transfers to determine whether they should be brought back into this estate for the benefit of creditors.

(9) This court's docket is not so burdened that this action cannot be timely addressed.

(10) The commencement of this bankruptcy was a voluntary action by the debtor.  The Trustee brought the Adversary in the bankruptcy court because that is the proper way to proceed in a bankruptcy proceeding when the issue involves property of the estate and avoidance actions. As to the Trustee, there is no forum shopping.

(11) This Adversary is one for preliminary and permanent injunction.  As an equitable remedy, there is no right to a jury trial.  Whether such a right will exist if the Trustee decides to bring an avoidance action will be addressed at that time.  However, at this time, there is no such action commenced.

(12) In addition to the debtor and the Trustee, there are non-debtor parties involved in this action inasmuch as they were the recipients (according to the documents at the January 31, 2011 hearing) who received or benefitted from transfers by the debtor.  They would be the same parties involved if the action were commenced in any other court.

6

Thus, this court exercises its discretion to deny the motion to abstain.

Wherefore, the Motions to Abstain are DENIED.

Dated: 2/18/2011 16:16:46

Judith K. Fitzgerald
Bankruptcy Judge

cc: The Case Administrator mailed a copy of this order to:

Ronda J. Winnecour, Esq.
Suite 3250, USX Tower
600 Grant Street
Pittsburgh, PA 15219

Marvin Leibowitz, Esq.
619 Corporate Center
One Bigelow Square
Pittsburgh, PA 15219

Jeffrey T. Morris, Esq.
Attorneys at Law
300 Heinz Street
Suite C226
Pittsburgh, PA 15212

Office of the United States Trustee
Liberty Center
1001 Liberty Avenue, Suite 960
Pittsburgh, PA 15222